IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA POPE | § | |
|     PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| WAL-MART STORES TEXAS, LLC | § | |
|     DEFENDANT. | § | DEFENDANT DEMANDS A JURY |

**DEFENDANT WAL-MART STORES TEXAS LLC'S
NOTICE OF REMOVAL**

WAL-MART STORES TEXAS, LLC ("Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

**I.
INTRODUCTION**

1. Pursuant to 28 U.S.C. § 1441, et seq., this civil action is removed from the 12th Judicial District Court of Grimes County, Texas, where this matter was pending under Cause No. 035384, in a matter styled *Tamara Pope v. Wal-Mart Stores Texas, LLC* (the "State Court Action").

**II.
RELEVANT FACTS**

2. Plaintiff, Tamara Pope (hereinafter "Plaintiff"), claims was struck by an cart being pushed by one of Defendant's employees at Walmart store #293 in Navasota, Texas, on August 9, 2019. *See* Pl.'s Orig. Pet. (Ex. A) at ¶¶ 6-7. Plaintiff claims she sustained personal injuries as a result of the alleged slip-and-fall. *See id* at ¶ 10. Plaintiff asserts a negligence claim against Defendant. *See id.* at ¶ 8-9.

## III.
## TIMELINESS OF REMOVAL

3. This removal is timely as filed. Plaintiff's Original Petition, filed on May 6, 2021, stated "Plaintiff seeks monetary relief less than $75,000." *See* Ex. A at ¶ 3.

4. On June 23, 2022, Plaintiff filed her First Supplemental Notice of Filing Affidavits, containing billing records produced for the first time that totaled more than $119,000.00. Prior to June 23, 2022, Plaintiff's alleged medical expenses were less than $60,000.00 total, according to the documents exchanged by the parties in discovery.

5. Upon receipt of a copy of an amended pleading, motion, order, or other paper from the plaintiff which the defendant can ascertain that the case has become removable, the defendant has 30 days to remove the case. 28 U.S.C. 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996). Defendant has timely removed this case, as Defendant's removal is filed less than 30 days after receipt of Plaintiff's First Supplemental Notice of Filing Affidavits —or other paper— that enabled Defendant to ascertain for the first time that the amount in controversy in the case exceeded $75,000.00. *Id.*

6. Additionally, although the State Court Action has been on file for more than one year, this removal is timely pursuant to 28 U.S.C. § 1446(c), because Plaintiff failed to timely disclose information pertaining to the actual amount in controversy, thereby preventing removal within the one-year period after the filing of Plaintiff's Original Petition. *See* 28 U.S.C. §§ 1446(c)(1); 1446(c)(3). Specifically, the billing affidavits contained in Plaintiff's First Supplemental Notice of Filing Affidavits were each executed on March 7, 2022—well within the one-year period of the filing of the case. Although Plaintiff had a duty to supplement her responses to discovery and disclosures, these billing affidavits evidencing the amount in controversy were

not produced by Plaintiff until June 23, 2022, more than three months after the execution of the affidavits and about a month after the one-year period since the filing of Plaintiff's lawsuit expired.

## IV.
## BASIS FOR REMOVAL JURISDICTION

7.      Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      At the time of the filing of her Petition, Plaintiff was, and is still, a citizen of Texas. *See* Exhibits A at ¶ 4.

9.      Plaintiff sued Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

10.     Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S.378, 382-83 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

11. Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (quoting 28 U.S.C. § 1332(c)(1)). Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas.

12. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

13. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

14. Within the last 30 days, Plaintiff has produced "other paper" that demonstrates the amount in controversy in this case exceeds $75,000.00. *See supra* ¶¶ 4-5. Upon receipt of Plaintiff's newly disclosed medical expenses, on July 5, 2022, counsel for Defendant emailed a proposed stipulation of maximum damages to counsel for Plaintiff, alerting counsel for Plaintiff of Defendant's intention to remove this case. Counsel for Defendant followed up again through email but never received a response from Plaintiff. Thus, based on all information currently known by or available to Defendant, that the amount in controversy exceeds the jurisdictional minimum for removal to this Court.

## V.
## THIS NOTICE IS PROCEDURALLY CORRECT

15. Based on the aforementioned facts, the State Court Action may be removed to this Court by Defendant Wal-Mart Stores Texas, LLC in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United

States District Court for the Southern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Defendant retains the right to supplement the jurisdictional allegations by affidavit, declaration or otherwise, should Plaintiff challenge the allegations in a motion to remand or other filing.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 12th Judicial District, where this matter was pending under Cause No. 035384, in a matter styled *Tamara Pope v. Wal-Mart Stores Texas, LLC*.

18. A jury trial has been demanded in the State Court Action by Defendant.

19. Trial has not commenced in the 12th Judicial District Court.

## VI. CONCLUSION

20. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Petition, Defendant desires and is entitled to remove the lawsuit filed in the 12th Judicial District Court, to the United States District Court for the Southern District of Texas, Houston Division.

**WHEREFORE,** Defendant Wal-Mart Stores Texas, LLC files this Notice of Removal pursuant to and in conformance with the statutory requirements, removes this action from the 12th Judicial District Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Federal ID No. 21280
Zachary D. Wilson
State Bar No. 24106586
Federal ID No. 3299604
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
zwilson.atty@bushramirez.com

**ATTORNEY FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 22nd day of July 2022.

Sofia Bruera
3100 Timmons Lane, Suite 310
Houston, TX 77027

*/s/ John A. Ramirez*
John A. Ramirez